IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DAVID W. HARRELSON; and SHERI   )
HARRELSON,                      )
                                )
          Plaintiffs,           )
                                )
     v.                         )    1:18CV862
                                )
USAA GENERAL INDEMNITY          )
COMPANY,                        )
                                )
          Defendant.            )
```

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, Chief District Judge.

Before the court is Dawn Byrd's motion to intervene as a plaintiff in this insurance coverage action. Defendant USAA General Indemnity Company ("USAA") opposes the motion. For the reasons set forth below, the motion will be denied.

### I. BACKGROUND

On August 23, 2018, existing Plaintiffs David and Sheri Harrelson ("the Harrelsons") filed this lawsuit in the General Court of Justice, Superior Court Division, of Davidson County, North Carolina. (Doc. 3 at 9.) In the complaint, the Harrelsons allege that Sheri co-owned a 2001 Jeep with her ex-husband, Brent Cranford. (Id. at 3.) Carlton Cranford — Sheri and Brent's son — was allegedly driving the Jeep on the morning of November 29, 2016, when he was involved in an accident with Byrd. (Id. at 3-

4.)  Byrd brought a personal injury lawsuit against Carlton and the Harrelsons in state court and obtained default judgments against the Harrelsons.  (Id. at 75, 91-92.)  Both before and after the default judgments were entered, the Harrelsons demanded defense and indemnification from USAA, the provider of an automobile insurance contract with David listing him, Sheri, and Carlton as drivers.  (Id. at 5, 29.)  USAA denied coverage for the claim (Doc. 6 ¶ 31), prompting the Harrelsons to file this lawsuit against it in state court for breach of contract and violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, et seq.  USAA removed the case to this court on October 11, 2018, and answered the complaint a few days later.  (Docs. 1, 6.)

On January 7, 2019, Byrd filed the present motion to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) or permissively under Rule 24(b)(1)(B).  (Doc. 12.)  In her proposed complaint, Byrd seeks a declaratory judgment that the Harrelsons' USAA insurance policy obligates the insurer to defend and indemnify the Harrelsons in Byrd's state court personal injury lawsuit.  (Doc. 12-1 at 4.)  She also seeks damages against USAA for allegedly violating N.C. Gen. Stat. § 58-3-33, which requires insurers to provide, upon request of a party alleging damages sustained in an automobile accident, certain information about any policy provided by the insurer acknowledging coverage.  (Id. at 4-

7.)

**II. ANALYSIS**

    **A. Intervention as of Right**

A movant claiming a right to intervene under Rule 24(a)(2) must meet the following four requirements:

> (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation.

Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 839 (4th Cir. 1999). Failure to satisfy any of the four requirements is fatal to the motion. Students for Fair Admissions Inc. v. Univ. of N.C., 319 F.R.D. 490, 494 (M.D.N.C. 2017) (citing Moore, 193 F.3d at 839).

USAA argues that Byrd has not shown that her interest in the Harrelsons' suit is not adequately represented by the Harrelsons. The court agrees. Byrd's interest in the subject matter of this litigation — to secure a ruling that USAA's refusal to indemnify the Harrelsons violates the insurance contract at issue — is precisely the Harrelsons' interest, and Byrd does not question the Harrelsons' fervency, litigation strategy, or counsel.[*] (Doc. 13

---

[*] In fact, Byrd lauds the Harrelsons' "highly competent counsel." (Doc. 13 at 8.) This serves to defeat her attempt to analogize this case to Teague v. Bakker, 931 F.2d 259 (4th Cir. 1991). In Teague, the Fourth Circuit found that the existing defendants inadequately represented the proposed intervenor-defendant's interest because they did not have sufficient financial means to retain counsel. Id. at 262. Latching onto the Fourth Circuit's mention of financial means and ignoring why

3

at 8); see Nat'l Union Fire Ins. Co. of Pittsburg v. Reichhold, Inc., No. 1:06CV939, 2008 WL 90186, at *3 (M.D.N.C. Jan. 8, 2008) ("When . . . the moving party has the same ultimate objective as a party to the suit, a presumption arises that the moving party's interests are adequately represented." (citing Virginia v. Westinghouse Elec. Corp., 542 F.2d 214, 216 (4th Cir. 1976))). Byrd's primary attempt to skirt an otherwise cut-and-dried conclusion of adequate representation is to argue that her claims of USAA's alleged contravention of N.C. Gen. Stat. § 58-3-33 create an interest not adequately represented by the Harrelsons. This argument misunderstands the Moore factors. The "interest" a movant must show to be inadequately represented under the fourth factor is the same "interest" the movant must provide under the second factor: "an interest in the subject matter of the underlying action." Moore, 193 F.3d at 839. The fact that Byrd has tacked on additional claims distinct from the subject matter of the existing action is not relevant to whether the Harrelsons are adequately representing Byrd's interest in the existing action. Because Byrd has offered no reason to believe that the Harrelsons

---

it was relevant, Byrd argues that this case is similar to Teague because the Harrelsons may not "have the assets to satisfy any judgment that the plaintiff may secure against them." (Doc. 13 at 10.) Whether the Harrelsons have the means to satisfy a potential future judgment in a different case has nothing to do with whether they adequately represent Byrd's interest in this case, and certainly not when they have already retained counsel of which Byrd approves. Byrd provides no reason to doubt the Harrelsons' continuing ability to retain their current counsel.

4

are not adequately representing her interest in a ruling that USAA violated the relevant insurance contract, her motion to intervene as of right will be denied.

**B.   Permissive Intervention**

The court may permit anyone who "has a claim or defense that shares with the main action a common question of law or fact" to intervene on timely motion. Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Id. at 24(b)(3). "Where a movant seeks permissive intervention as a plaintiff, the movant must satisfy four requirements: (1) the motion is timely; (2) its claim has a question of law or fact in common with the main action; (3) an independent basis for subject-matter jurisdiction exists; and (4) intervention will not result in undue delay or prejudice to the existing parties." League of Women Voters of N.C. v. North Carolina, No. 1:13CV660, 2014 WL 12770081, at *2 (M.D.N.C. Jan. 27, 2014). Rule 24(b) is construed liberally to allow intervention where appropriate. Id. (citing Feller v. Brock, 802 F.2d 722, 729 (4th Cir. 1986)). Nevertheless, [w]hether to allow permissive intervention is within the sound discretion of the district court." Students for Fair Admissions, 319 F.R.D. at 494 (citing Smith v. Pennington, 352 F.3d 884, 892 (4th Cir. 2003)).

In the circumstances of this case, permissive intervention is unwarranted. Byrd's declaratory judgment claim has the same objective "[t]he existing [plaintiffs] are zealously pursuing," Stuart v. Huff, No. 1:11-cv-804, 2011 WL 6740400, at *3 (M.D.N.C. Dec. 22, 2011), aff'd, 706 F.3d 345 (4th Cir. 2013), and — as explained above — Byrd offers no reason to believe that she will offer a different or improved approach. The lack of value such an intervention would add to this case renders the attendant delay and complication under the fourth factor "undue," and Byrd's proposed claims based on USAA's alleged contravention of N.C. Gen. Stat. § 58-3-33 would "unnecessarily introduce collateral issues" into the case. Reichhold, 2008 WL 90186, at *4; see also United States v. North Carolina, No. 1:13CV861, 2014 WL 494911, at *5 (M.D.N.C. Feb. 6, 2014) (weighing the "benefit [of intervention] to the existing parties" against the risk of delay and complication). As a result, Byrd's motion for permissive intervention will be denied.

### III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Byrd's motion to intervene (Doc. 12) is DENIED.

                                    /s/   Thomas D. Schroeder
                                United States District Judge

May 16, 2019